## Johnson v. Cincinnati Ice Company.

(Decided February 19, 1915.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Master and Servant—Personal Injury to Servant—Negligence—Peremptory.—Defendant was engaged in remodelling its plant. Plaintiff, an employe, was carrying mortar to a bricklayer, and

while so doing, stepped on a nail sticking up through a board lying in the pathway across which he was required to walk. Held, in the absence of evidence that the board had been there for any length of time, or that the nail could have been detected by any kind of an inspection, that the court properly directed a verdict in favor of defendant.

2.    Pleading—Filing Amended Petition After Knowledge of Court's Intention to Give Peremptory.—Where the court has indicated his intention to give a peremptory instruction in favor of the defendant, it is not error to refuse to permit an amended petition to be filed, where the offered amendment is itself defective.

F. J. HANLON for appellant.

FRANK V. BENTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries by plaintiff, Tucker Johnson, against defendant, Cincinnati Ice Company, the trial court, at the conclusion of plaintiff's evidence, directed a verdict in favor of defendant. Plaintiff appeals.

At the time of the accident plaintiff was carrying mortar to a bricklayer, and stepped on a nail projecting from a plank. In his original petition he charged that the plank was lying along the top of the tank on which he was required to walk, and that defendant knew that the nail was projecting therefrom, or could have known of it by the exercise of ordinary care. He also alleged that he did not know of it, and could not have known of it by the exercise of ordinary care.

The evidence shows that defendant was remodeling its plant, and to that end was engaged in putting in new machinery, new tanks, new engine and boiler, and was also making certain changes in the building. In order to get to the bricklayer it was necessary to cross a new tank which had been installed. This tank had not been finished, and was uncovered on the west side. Near the east side of this tank cans with wooden lids had been placed. There was brine in the large tank. As one would step on the smaller cans they would sink in the brine and then rise. On the day of the accident plaintiff was carrying a bucket of mortar. After making several trips across the new tank he struck his foot against the lid of one of the cans, and stepped on the nail, sticking up through a board that was lying on the tank lids near a

large kettle in which calcium was being prepared for the large tank. At the time of the accident several other men were working in the plant. The Henry Vogt Machine Company's employes were putting calcium in the tank. Nearby was a large kettle which was supported by planks. Plaintiff contends that he did not want to walk across the tank, but that the foreman told him he could either do that or quit work.

After the evidence was heard and the trial court indicated his purpose to give a peremptory instruction, plaintiff ordered an amended petition relying upon defendant's failure to furnish him with a reasonably safe place to work, but the trial court refused to permit the amendment to be filed.

Manifestly, the mere fact that a plank with a nail in it was lying on a tank, and that plaintiff stepped on the nail and was injured, is not sufficient to authorize a recovery. In stating his case in his original petition he predicated his right of recovery on the fact that the defendant knew of the existence of the nail in the plank, or could have known of it by the exercise of ordinary care. Plaintiff says he did not know how long the plank had been there, and no other witness testified that it had been lying there for any length of time. Indeed, there is an entire absence of evidence on this phase of the question. For ought that appears, the plank may have been placed there by one of the workmen a moment before the accident. Even if the case were one calling for the duty of inspection on the part of the master, it is not shown that the presence of the plank with the nail in it could have been detected by any kind of inspection. Having failed to prove that the master knew, or by the exercise of ordinary care could have known, of the presence of the plank with the nail in it, it follows that the trial court properly directed a verdict in favor of the master.

It is earnestly insisted, however, that the pathway along which plaintiff was required to go was itself dangerous, and that the case should have gone to the jury on this ground. The amended petition presenting this phase of the case was not offered until after the court indicated his purpose to give a peremptory instruction. It contained no allegation that the danger of passing over the tanks was not known to plaintiff and was not so obvious that, by the exercise of ordinary care in the line of his duties, he should not have known it. In view of

the time when the amended petition was offered, and of the insufficiency of its allegations, the trial court did not err in refusing to permit it to be filed. That being true, it is unnecessary to determine whether the doctrine of safe place would apply, under the circumstances under which the plant was being remodeled and the building reconstructed.

Judgment affirmed.